No. 426
GROMEK v. BEBEE et
Ohio Appeals, 6th Dist., Lucas Co.
No. 1646. Decided March 1, 1926

1177. TORTS—Where two or more police officers are acting in a lawful enterprise and one of them commits a tort without the concurrence of the others in the enterprise, only the tort feasor can be held liable.

1066. SCINTILLA RULE—Where there is some evidence to support a claim, no matter how slight, it is the duty of the court to present such evidence to the jury.

YOUNG, J.

These cases, by stipulation of both parties, were tried together in the Lucas Common Pleas. The cause grew out of two actions one brought by Henry Gromek a minor, to recover damages for personal injuries alleged to have been received by him by a shot fired by one of the several defendants; the other grew out of an action by his father to recover for loss of services, etc.

Walter Bebee was a township marshal and with Cherry and Van Clann had arrested a bootlegger in Toledo who had attempted to escape. Cherry and Van Clann gave chase and fired several shots, one of which struck Gromek while he was sitting on his father's porch.

The court directed a verdict in favor of Bebee and Cherry and the jury returned a verdict for $3000 and $500 respectively in each action against Van Clann. Van Clann having been duly served with summons made no answer no defense and prosecuted no error.

The contentions of Gromek are that the court erred in directing a verdict for Bebee and Cherry for the reason that the three defendants were acting together and that the court refused to grant a new trial because of newly discovered evidence. The Court of Appeals held:

1. It must be conceded that the officers in undertaking to capture an escaped prisoner were engaged in a lawful enterprise.

2. The rule is that if one of the persons so engaged, commits a tort without the concurrence of the others, the others are not liable therefor.

3. The bill of exception contained a statement that it contained all of the evidence received on behalf of the parties on the hearing for a motion for a new trial.

4. The court is therefore precluded from reviewing the weight of the evidence.

5. There is some evidence in the record to show that Cherry fired the shot that injured

the boy; so that the submission of the case to the jury was warranted.

Judgment is affirmed as to Beebe, reversed and remanded for new trial as to Cherry.

Attorneys—Marion W. Bacome for Gromek and Meyer Celeerd and W. H. McLellan Jr., for Bebee et; all of Toledo.